# EXHIBIT B

## PROMISSORY NOTE

$3,000,000.00                                                                                          February 20, 2025

TechMetals, LLC, an Illinois limited liability company ("Company"), hereby promises to pay to Technical Metals Inc., an Illinois corporation, and Hoffman Tool, Inc., an Illinois corporation (the "Holder"), in lawful money of the United States of America, the principal amount of $3,000,000, together with accrued and unpaid interest thereon, each due and payable on the date and in the manner set forth below, all in accordance with and subject to the following terms and conditions. Each anniversary of the date of this Promissory Note (at times, this "Note") is referred to herein as an "Anniversary".

1.        **Repayment.** All payments of interest and principal will be in lawful money of the United States of America. The principal and interest amount of this Note is payable in equal monthly payments of $83,333.34, commencing on the first Anniversary and continuing on the first day of each month thereafter until the third Anniversary (the "Maturity Date"), when any remaining amounts owing hereunder will be due in full.

2.        **Voluntary Prepayment; Applications of Payments.** This Note may be prepaid, in whole or in part, at any time prior to the Maturity Date without premium or penalty. All payments made under this Note will be applied first to any fees and expenses due hereunder, next to accrued and unpaid interest, and finally to reduce the principal balance.

3.        **Due on Sale.**  In the event that a "Change of Control" (as defined below) of the Company occurs, then all of the remaining, unpaid principal and accrued interest on this Note shall be due and payable as of the date of the Change of Control.  For purposes hereof, a "Change of Control" shall mean: (a) a tender offer in which voting securities representing fifty percent (50%) or more of the total voting power of the Company's voting securities are acquired; (b) the merger or consolidation of the Company with another entity pursuant to which less than fifty percent (50%) of the total voting power of the voting securities of the surviving or resulting company shall be owned in the aggregate by the former security holders of the Company determined immediately prior to the merger or consolidation; (c) the sale or other disposition by the Company of substantially all of its assets to another individual or entity that is not an affiliate of the Company; or (d) the acquisition by a person or persons acting as a group of voting securities representing fifty percent (50%) or more of the total voting power of the Company's voting securities.

4.        **Default.** The occurrence of any one or more of the following constitutes an "Event of Default":

(a)        The Company fails to pay timely any of the principal amount due under this Note on the date the same becomes due and payable or any accrued interest or other amounts due under this Note on the date the same becomes due and payable; Company shall have a fifteen (15) day right to cure with no penalty;

(b)        The Company defaults in its performance of any covenant or obligation under this Note (other than pursuant to Section 5(a)) and such default is not cured within 30 days after written notice of such default is provided to the Company;

(c)        The Company files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing; or

(d)    An involuntary petition is filed against the Company (unless such petition is dismissed or discharged within 60 days under any bankruptcy statute now or hereafter in effect, or a custodian, receiver, trustee, assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any property of the Company.

5.    **Waiver of Presentment; Notice.** Company and any endorser of this Note hereby waives presentment for payment, notice of dishonor, protest, notice of protest, and diligence in collection, and consents that the time of said payments or any part thereof may be extended by Holder and further consents that all or any part of any collateral security for this Note may be released by Holder, without in any way modifying, altering, affecting, or limited the liability of Company hereunder.

6.    **Governing Law; Venue.** Company agrees that Illinois law will govern the interpretation and enforcement of this Note. Any proceeding arising out of or relating to this Note will be brought only in the state or federal courts sitting in Fairbury, Livingston County, Illinois. In any suit, action or appeal to enforce this Note, the substantially prevailing party will be entitled to recover its costs incurred, including reasonable attorneys' fees at trial or on appeal. IN THE INTEREST OF OBTAINING A SPEEDIER AND LESS COSTLY HEARING OF ANY DISPUTE, THE COMPANY AND HOLDER IRREVOCABLY WAIVE THE RIGHT TO TRIAL BY JURY.

*[THE REMAINDER OF THIS PAGE IS LEFT BLANK INTENTIONALLY.  THE SIGNATURE PAGE FOLLOWS.]*

EXECUTED as of the date first above written.

MAKER:

TechMetals, LLC, an Illinois limited liability company

By _____

Name: Jason Azevedo

Title: Manager for Red White Blue Enterprises, LLC which is Manager of TechMetals, LLC