**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **TECHNICAL METALS, INC. and HOFFMAN TOOL, INC.** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 3:25-CV-00385-DB** |
| **MANUFACTURING REVITALIZATION CORPORATION OF AMERICA L.P. I,** | § § § § | |
| **Defendant.** | § § | |

---

**MOTION FOR DEFAULT JUDGMENT AGAINST MANUFACTURING
REVITALIZATION CORPORATION OF AMERICA L.P. I**

---

Plaintiffs Technical Metals, Inc. and Hoffman Tool, Inc. ("Plaintiffs") file this Motion for Default Judgment Against Defendant Manufacturing Revitalization Corporation of America L.P. I ("MRCA") and would respectfully show the following:

## I.    INTRODUCTION

MRCA has failed to answer or otherwise respond to Plaintiffs' Complaint after waiver of service of process and the passage of the Fed. R. Civ. P. 12 deadline of November 18, 2025, for filing an answer or other proper response.

On September 12, 2025, Plaintiffs filed their Complaint with the Court suing Defendant for breach of a guaranty agreement. *See* Dkt. 1. MRCA was served with a notice of commencement of suit and a request for waiver of service of process. On September 19, 2025, MRCA signed and returned the waiver, and Plaintiffs filed the waiver with the Court. *See* Dkt. 5. MRCA did not file a responsive pleading or otherwise defend the suit by the 60-day deadline, November 18, 2025.

On November 24, 2025, Plaintiffs requested a clerk's entry of default. *See* Dkt. 8. On December 1, 2025, the Clerk entered a default against MRCA. *See* Dkt. 9. Plaintiffs now ask the Court to render a default judgment against MRCA.

## II.   STATEMENT OF FACTS

On February 20, 2025, Plaintiffs entered into an Asset Purchase Agreement ("APA") with TechMetals, LLC as Buyer and MRCA as Guarantor. *See* Ex. 1. Under the Agreement, TechMetals agreed to purchase Plaintiffs' assets for a total purchase price of $17,000,000, payable as $10,000,000 in cash at closing, $3,000,000 six months after closing (the "Deferred Payment"), and $3,000,000 under a promissory note over three years. *See* Ex. 1. The closing occurred on February 20, 2025, making the Deferred Payment due on August 20, 2025. In connection with the transaction, MRCA executed a Guaranty and Suretyship Agreement, absolutely and unconditionally guaranteeing TechMetals' obligations under the APA, the promissory note, and related agreements, including payment of all amounts due and reimbursement of enforcement costs. *See* Ex. 2.

Plaintiffs fully fulfilled their obligations under the APA. TechMetals, however, failed to pay the Deferred Payment when due and also defaulted under an Equipment Lease Agreement by failing to pay rent for July, August, September, October, and November 2025. On August 21, 2025, Plaintiffs sent MRCA a Notice of Default, advising it of TechMetals' failure to pay the Deferred Payment and other obligations and demanding a response within fourteen (14) days. *See* Ex. 3. MRCA did not respond and has not cured the default.

As a result of these breaches, Plaintiffs filed this lawsuit on September 12, 2025, asserting claims for breach of guaranty against MRCA. MRCA waived service of process and has since failed to appear, answer, or otherwise respond to the Complaint. Plaintiffs now seek entry of

default judgment for damages not less than the $3,000,000 Deferred Payment plus attorneys' fees and costs as provided under the Guaranty and related agreements.

### III.    LEGAL STANDARD

A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* Fed. R. Civ. P. 55(a), (b)(2). Entry of default judgment is within the Court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a well-pleaded complaint or otherwise participate in the judicial process. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Under Rule 55(b)(2), the court may hold a hearing if necessary to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Such a hearing, however, is not required. *See United States v. Trowbridge*, No. 9:14-cv-138, 2015 WL 6152052, at *4 (E.D. Tex. Aug. 18, 2015) (finding that "the Court need not conduct a hearing to enter default judgment and determine the amount of damages"). If the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

There is a three-part analysis to determine whether a default judgment should be entered against Defendants. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). Courts in the Fifth Circuit first determine whether default judgment is procedurally warranted by looking at six *Lindsey* factors: (1) "whether material issues of fact are at issue"; (2) "whether there has been substantial prejudice"; (3) "whether the grounds for default are clearly established"; (4) "whether the default was caused by a good faith mistake or

excusable neglect"; (5) "the harshness of a default judgment"; and (6) "whether the court would think itself obligated to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

"If [the] six *Lindsey* factors suggest that default judgment is appropriate, a court may accept the factual allegations in the complaint as true and enter default judgment if the pleadings are sufficient." *Boost Worldwide, Inc. v. Cobos*, No. EP-12-cv-0342, 2012 WL 12881968, at *2 (W.D. Tex. Dec. 21, 2012). Finally, courts then determine what form of relief, if any, a plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197 at *4 (S.D. Tex. Oct. 5, 2011) ("A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages.").

Here, examination of the *Lindsey* factors, the sufficiency of Plaintiffs' pleadings, and the evidence provided supporting Plaintiffs' damages demonstrate that entry of default judgment against MRCA is appropriate.

## IV.    ARGUMENT

The Court should render a default judgment against MRCA because MRCA, after waiving service, did not file a responsive pleading or otherwise defend the suit by November 18, 2025. *See* Fed. R. Civ. P. 4(d)(3), 12(a)(1)(A)(ii). Plaintiffs are entitled to entry of default judgment against MRCA based on the allegations in the Complaint, and in the amount of no less than $3,000,000.00, plus all pre- and post-judgment interest and costs and attorneys' fees.

MRCA is not a minor or an incompetent person. *See* Fed. R. Civ. P. 55(b)(2). MRCA is not in military service. *See* 50 U.S.C. § 3931(b)(1).

4

**A.**    **THE *LINDSEY* FACTORS FAVOR DEFAULT JUDGMENT**

**1.    *There are no issues of material fact.***

As between Plaintiffs and MRCA, there are no unresolved issues of material fact. When a party fails to plead or otherwise appear to defend a suit, it has admitted the movant's well-pleaded factual allegations. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206. As discussed below, the allegations in Plaintiffs' Complaint are well pleaded, and MRCA has failed to plead or otherwise appear in or defend this suit. Therefore, there are no issues of unresolved or pending material facts in dispute.

**2.    *Default judgment is necessary to avoid prejudice to Plaintiffs.***

The prejudice prong favors Plaintiffs because if this case were prolonged, MRCA would be permitted to continue to shirk its obligations under the Guaranty and Suretyship Agreement, obligations it has failed to satisfy for over three months already. Entry of default judgment will eliminate prejudice towards Plaintiffs because it will enable Plaintiffs to protect their interests and pursue the rights afforded to them under the law including obtaining judgment and pursuing collection efforts. *See United States v. Rod Riordan Inc.*, No. MO:17-cv-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018) (failing to respond prejudices Plaintiffs' interests).

**3.    *The grounds for default are clearly established.***

Regarding the third *Lindsey* factor, the grounds for default are clearly established because MRCA received notice of the commencement of this suit and waived service of process, but then never answered or otherwise participated in the lawsuit. *Nautilus Ins. Co. v. A Best Am. Roofing, LLC*, No. EP-18-cv-320, 2019 WL 1473140, at *3 (W.D. Tex. Apr. 3, 2019); *see Rod Riordan Inc.*, 2018 WL 2392559, at *3 ("[D]efault judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to

the summons and complaint, the entry of default, or the motion for default judgment."). The third *Lindsey* factor favors entry of default judgment.

      **4.**        ***There is no good-faith mistake or excusable neglect.***

There is no evidence before the Court to indicate that MRCA's silence is the result of a "good faith mistake or excusable neglect." *Lindsey,* 161 F.3d at 893. As alleged in the Complaint, Plaintiffs promptly notified MRCA of its default under the Guaranty and Suretyship Agreement, outlining MRCA's failure to remit payment as required under the agreement, but MRCA failed to make any payment to Plaintiffs for such amounts or otherwise fulfill its obligations. *See* Ex. 3; *Boost Worldwide, Inc.*, 2012 WL 12881968, at \*3 (finding pre-suit notice of intention to pursue legal action negated assertions of good faith mistake or excusable neglect by defendant). In addition, as evidenced by MRCA's signing of the waiver of service of process, MRCA received the Complaint and was aware of the claims asserted and its legal obligation to appear and answer. *See* Dkt. 5. Thus, there is no evidence of good faith mistake or excusable neglect and the circumstances warrant default judgment.

      **5.**        ***Nothing suggests that it would be too harsh to enter default judgment.***

Ample time to respond to a lawsuit mitigates the harshness of a default judgment. *See Ins. Co. of the W.*, 2011 WL 4738197 at \*3; *Lindsey*, 161 F.3d at 893. MRCA has not answered or appeared despite having an extended period to answer after waiving service of process. Thus, because MRCA had sixty (60) days to respond as opposed to the normal twenty-one (21) days to file an answer, MRCA certainly had adequate notice of this lawsuit. *See* Fed. R. Civ. P. 12(a)(1)(A).

      **6.**        ***The Court would not be obligated to set aside the default judgment.***

A default judgment is discretionary, and the evaluation of whether to grant a default judgment lies within the trial court. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999). Although default judgment is generally disfavored, "considerations of social goals,

justice[,] and expediency" offset this disfavor. *Id.* at 936 (quotation omitted). Because MRCA has failed to participate in this suit, justice and expediency support an entry of default judgment.

**B.      THE PLEADINGS ARE SUFFICIENT TO SUPPORT THE JUDGMENT**

Plaintiffs' well-pleaded allegations support an entry of default judgment against MRCA, which has decided not to participate in this litigation. By failing to answer or otherwise respond, MRCA has admitted the factual allegations in Plaintiffs' Complaint. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206.

The Court must also review the pleadings to determine whether they present a sufficient basis for Plaintiffs' claims for relief. To establish entitlement to default judgment, Plaintiffs must show that the Complaint is sufficient under Federal Rule of Civil Procedure 8. *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires Plaintiffs to plead more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In addition, under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

A review of the Complaint shows that the factual allegations are plainly sufficient and are pleaded with particularity. *See* Dkt. 1. Plaintiffs state claims upon which relief can be granted and the factual allegations allow the Court to infer that MRCA is liable for the misconduct complained of by Plaintiffs. Simply put, MRCA and Plaintiffs entered into a Guaranty and Suretyship Agreement, which MRCA breached by failing to fulfill its obligations to reimburse Plaintiffs all

7

fees and expenses incurred by Plaintiffs due to TechMetals' breaches. Therefore, Plaintiffs are entitled to the damages they seek.

## V.   DAMAGES

Plaintiffs seek recovery of all amounts due and owing under the APA and other related documents guaranteed by MRCA on February 20, 2025. *See* Ex. 2. As set forth in the Complaint and supporting exhibits, TechMetals failed to pay the Deferred Payment of $3,000,000.00 due on August 20, 2025. *See* Dkt. 1. MRCA breached the guaranty agreement with Plaintiffs by failing to guarantee TechMetals' obligations. Accordingly, Plaintiffs' damages total $3,000,000.00, plus any accrued interest, attorneys' fees, and costs. *See* Affidavit of Gerald Hoffman, Ex. 4.

## VI.   ATTORNEYS' FEES

Resolution of the issues in this case are governed by Texas law because the underlying dispute is governed by Texas law. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). In Texas, a prevailing party "may recover reasonable attorney's fees . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." *See* Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). The district court has discretion to determine the amount of attorneys' fees awarded. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 500 n.12 (Tex. 2019).

A reasonable attorneys' fee award is computed using the "lodestar" method. *See id.* at 498. The "starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Id.* This is considered the base lodestar figure.

Once the lodestar is established, "a court may raise or lower the lodestar amount if certain relevant factors indicate an adjustment is necessary." *Williams-Pyro, Inc. v. Barbour*, 408 S.W.3d

467, 483 (Tex. App.—El Paso 2013, pet. denied). The reasonableness of the hours and rates is determined by considering several factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citation modified).

Attached as Exhibit 5 to this Motion is the affidavit of Mark A. Platt, providing evidence supporting an award of reasonable and necessary attorney's fees. Based on the evidence presented, Plaintiffs are entitled to an award of $69,513 in reasonable and necessary attorney's fees and costs. *See* Ex. 5.

## VII.   CONCLUSION AND PRAYER

For these reasons, Plaintiffs Technical Metals, Inc. and Hoffman Tool, Inc. respectfully request that (1) the Court grant this Motion for Default Judgment; (2) the Court enter Default Judgment in their favor awarding the amount of damages determined including an award of actual, direct, economic, consequential, and incidental damages suffered, pre- and post-judgment interest,

attorneys' fees, and costs of suit; and (3) they be awarded all such other and further relief, whether at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**FROST BROWN TODD LLP**

By:    */s/ Mark A. Platt*
          Mark A. Platt
          State Bar No. 00791453
          mplatt@fbtlaw.com
          Kaitlyn Q. Carrara
          State Bar No. 24131013
          kcarrara@fbtlaw.com

2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: 214.545.3472
Telecopy: 214.545.3473

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel hereby

certifies that a true and correct copy of the foregoing Plaintiffs' Motion for Default Judgment was

served this 23rd day of December 2025, via ECF upon:

Manufacturing Revitalization Corporation of America
c/a Christopher K. Karic, Esq.
Furukawa Castles LLP
800 Airport Blvd., Suite 504
Burlingame, CA 94010
c.karic@mrca.net

Rob Edwards
Gordon Davis Johnson & Shane P.C.
4695 North Mesa St.
El Paso, Texas 79912
redwards@eplawyers.com

*/s/ Mark A. Platt*
Mark A. Platt

11