IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TECHNICAL METALS, INC. and | § | |
| HOFFMAN TOOL, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-00385-DB |
| | § | |
| MANUFACTURING REVITALIZATION | § | |
| CORPORATION OF AMERICA L.P. I, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S OPPOSED MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

To Honorable David Briones:

Comes now Defendant Manufacturing Revitalization Corporation of America L.P. I ("MRCA") and, pursuant to 9 U.S.C. §§ 2–4, moves the Court to compel arbitration and stay these proceedings, and in support thereof would show as follows:

### I. NATURE OF THE DISPUTE

1.      Plaintiffs' Complaint asserts a single cause of action against MRCA for alleged breach of a guaranty arising out of an Asset Purchase Agreement dated February 20, 2025 (the "APA"), which Plaintiffs attached to and incorporated into their Complaint. Plaintiffs seek to recover deferred purchase price and related obligations created exclusively by the APA.

2.      The APA contains a mandatory arbitration provision governing disputes arising out of or relating to the agreement and the transactions contemplated thereby. Plaintiffs' claim against MRCA is entirely derivative of the APA and cannot be resolved without interpreting and applying its terms. Accordingly, this Court must compel arbitration and stay these proceedings.

## II. LEGAL STANDARD

3.     The Federal Arbitration Act reflects a strong federal policy favoring arbitration and requires courts to rigorously enforce arbitration agreements according to their terms. 9 U.S.C. §§ 2–4; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). When a court determines that a dispute is subject to arbitration, it must compel arbitration and, upon request, stay the action pending arbitration. 9 U.S.C. § 3; *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.* 588 F.3d 884, 886 (5th Cir. 2009); *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins.,* 524 F.2d 1275, 1277-78 (5th Cir. 1975).

## III. ARGUMENT

### A. The APA Contains a Valid and Enforceable Arbitration Agreement

4.     The APA is a written agreement evidencing a transaction involving interstate commerce and is therefore governed by the FAA. Plaintiffs do not dispute the validity of the APA. The arbitration provision is broad, mandatory, and applies to disputes arising out of or relating to the APA and the transactions it governs.

5.     The APA, Exhibit A to the Complaint, on page 22 of 98 of Document 1-1 filed in this case, states that all disputes shall be resolved through mediation then arbitration with JAMS Endispute, and that the arbitration shall take place in Illinois or as others agreed upon.

### B. Plaintiffs' Claims Fall Squarely Within the Scope of the Arbitration Agreement

6.     Plaintiffs' sole claim seeks to enforce payment obligations created by the APA. Resolution of that claim necessarily requires interpretation of the APA's payment terms, adjustment provisions, indemnification provisions, and conditions precedent. Claims that touch matters covered by an arbitration agreement fall within its scope. *Pennzoil Exploration & Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998).

**C. MRCA Is Entitled to Enforce the Arbitration Agreement**

7.      MRCA executed the APA in its capacity as Guarantor and is bound by its dispute-resolution provisions. Even if Plaintiffs contend that the guaranty should be analyzed separately, Plaintiffs are equitably estopped from avoiding arbitration because their claim depends entirely on the APA's existence and terms. *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527–28 (5th Cir. 2000); *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 612 (5th Cir. 2016).

8.      Plaintiffs cannot rely on the APA to establish liability while repudiating its arbitration requirement. This Court should compel the agreed-upon arbitration in Illinois administered by JAMS Endispute.

**D. The Court Must Stay This Action Pending Arbitration**

9.      Because all claims asserted are subject to arbitration, the FAA requires the Court to stay this action pending completion of arbitration. 9 U.S.C. § 3.

    **WHEREFORE, PREMISES CONSIDERED**, Defendant Manufacturing Revitalization Corporation of America L.P. I respectfully requests that the Court compel arbitration of all claims asserted in this action and stay these proceedings pending completion of arbitration, and grant Defendant all further relief to which it may be justly entitled.

Respectfully submitted,

**GORDON DAVIS JOHNSON**
**SHANE & SNIDER, P.C.**
4695 North Mesa St.
El Paso, Texas 79912
Tel: (915) 545-1133
Fax: (915) 545-4433
redwards@eplawyers.com

January 27, 2026

*/s/ Rob Edwards*
ROB EDWARDS
State Bar No. 24058290
*Counsel for Manufacturing Revitalization*
*Corporation of American L.P. I.*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2026, a copy of the foregoing document was served via electronic mail to Mark A. Platt, 2101 Cedar Springs Rd., Ste. 900, Dallas, Texas 75201, mplatt@fbtlaw.com.

*/s/ Rob Edwards*
*ROB EDWARDS*