IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TECHNICAL METALS, INC. and HOFFMAN TOOL, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:25-CV-00385-DB |
| MANUFACTURING REVITALIZATION CORPORATION OF AMERICA L.P. I, | § § § | |
| Defendant. | § § § | |

**DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFFS**

To The Honorable David Briones:

Defendant and Counter-Plaintiff Manufacturing Revitalization Corporation of America, L.P. I ("MRCA") asserts the following Counterclaims against Plaintiffs and Counter-Defendants Technical Metals, Inc. ("TMI") and Hoffman Tool, Inc. ("HTI") (collectively, "Sellers"), and alleges as follows. These Counterclaims are asserted subject to, and without waiver of, MRCA's motion to compel arbitration and stay proceedings, and motion to dismiss for forum non conveniens, alternative, motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

**I. PARTIES**

1.      Counter-Plaintiff MRCA is a Delaware limited partnership with its principal place of business in Texas.

2.      Counter-Defendant TMI is an Illinois corporation with its principal place of business in Illinois.

3.      Counter-Defendant HTI is an Illinois corporation with its principal place of business in Illinois.

## II. JURISDICTION AND VENUE

4.      If the Court denies the motion to compel arbitration and stay proceedings, this Court has subject-matter jurisdiction over these Counterclaims under 28 U.S.C. § 1367 because the Counterclaims arise out of the same transaction and occurrence as Plaintiffs' claims and form part of the same case or controversy. In the alternative, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

5.      Venue is proper in this District because Plaintiffs filed this action here and the Counterclaims are compulsory or, alternatively, permissive counterclaims arising from the same operative facts. MRCA expressly reserves all objections to venue based on the parties' forum-selection and dispute-resolution agreements.

## III. FACTUAL BACKGROUND

6.      On or about February 20, 2025, Sellers and Buyer Techmetals, LLC ("Buyer") entered into an Asset Purchase Agreement (the "APA") pursuant to which Buyer acquired substantially all operating assets of Sellers' business.

7.      The APA provided for payment of the purchase price through a combination of cash at closing and deferred consideration, including a deferred payment obligation, a promissory note (the "Seller Note"), and equipment lease assumption with materially accelerated payments executed a Guaranty and Suretyship Agreement in connection with the transaction.

8.      As a material inducement for the transaction, Sellers made express representations and warranties in the APA concerning the financial condition and operations of the business, including but not limited to  unqualified representations that "all financial statements provided to Buyer are true, and accurate and fairly represent the financial condition of Sellers" and "all financial statements referred to above have been prepared in accordance with generally accepted

accounting principles and practices in the United States and have been applied on a basis consistently maintained throughout the period involved".

9.    The APA further provides that Sellers shall indemnify Buyer and its affiliates for Losses arising out of, among other things, any breach of Sellers' representations and warranties.

10.    After closing, Buyer and MRCA discovered facts indicating that Sellers' financial statements and related disclosures did not fairly represent the business's financial condition at the time of sale, were not prepared in accordance with generally accepted accounting principles and practices consistently applied and that Sellers failed to disclose material adverse information known to them before closing, including information concerning customer demand and accounting practices affecting reported earnings and inventory values.

11.    Sellers' misrepresentations and omissions were material. Buyer and MRCA reasonably relied on Sellers' express representations and warranties and the accuracy of the financial information provided in negotiating and consummating the transaction, including the structure of deferred consideration and the execution of the Guaranty.

12.    As a direct and proximate result of Sellers' breaches and wrongful conduct, Buyer and MRCA have suffered and continue to suffer substantial damages, including transaction-related losses, expenses, and liabilities, and have been forced to incur attorneys' fees and costs in defending this lawsuit and in pursuing their contractual rights.

13.    Buyer and/or MRCA have timely asserted indemnification claims and disputes concerning Sellers' breaches. Plaintiffs' attempt to collect deferred consideration notwithstanding those disputes is contrary to the parties' contractual allocation of risk and remedies.

14.    A justiciable controversy exists between the parties concerning: (a) whether Sellers breached their representations and warranties (including the financial statement representation);

3

(b) the scope and application of the APA's indemnification and limitation-of-remedies provisions; and (c) the effect of Sellers' conduct on Plaintiffs' entitlement, if any, to the deferred consideration and on MRCA's alleged obligations under the Guaranty.

## IV. COUNTERCLAIMS

### COUNT I –
### BREACH OF CONTRACT (APA) / CONTRACTUAL INDEMNIFICATION

15.    MRCA incorporates by reference the allegations in Paragraphs 1–15 as if fully set forth herein.

16.    The APA is a valid and enforceable contract. MRCA is a signatory to the transaction documents and, at minimum, an intended beneficiary and/or affiliate of Buyer entitled to indemnification under the APA.

17.    Sellers breached the APA by making false and misleading representations and warranties, including but not limited to the unqualified financial statement representation in Section 10(a)(vii).

18.    Sellers also breached the APA by failing to disclose material facts necessary to make their affirmative disclosures not misleading, including facts concerning customer demand and accounting practices affecting reported results.

19.    As a direct and proximate result of Sellers' breaches, MRCA has incurred and will continue to incur "Losses" as defined in the APA, including liabilities asserted in this action, fees and expenses, and other damages.

20.    Under the APA's indemnification provisions, Sellers are obligated to indemnify and hold harmless Buyer and its affiliates (including MRCA) for such Losses.

21.     MRCA seeks damages and contractual relief as permitted by the APA, including an order and/or declaration that any Losses payable to MRCA (and/or Buyer) are to be satisfied from the deferred consideration in accordance with the APA's agreed remedy structure.

## COUNT II –
### INTENTIONAL FRAUD / FRAUDULENT INDUCEMENT AND FRAUDULENT CONCEALMENT

22.     MRCA incorporates by reference the allegations in Paragraphs 1–22 as if fully set forth herein.

23.     In connection with marketing and selling the business and negotiating the APA, Sellers made and/or caused to be made material misrepresentations of existing fact and omitted material facts necessary to make their statements not misleading.

24.     Among other things, Sellers represented in the APA that the financial statements provided to Buyer were prepared in accordance with generally accepted accounting principles and were true and accurate and fairly represented the financial condition of Sellers, when Sellers knew (or were reckless in not knowing) that such representation was false and misleading.

25.     Sellers also concealed material adverse information known to them prior to closing, including information concerning customer demand, known loss of specific product sales included in 2023 and 2024 sales results and accounting practices that materially affected the business's earnings quality and the reliability of historical financial information.

26.     Sellers intended, or were substantially certain, that Buyer and MRCA would rely on Sellers' misrepresentations and omissions in valuing the business, agreeing to deferred consideration, and executing the Guaranty.

27.     Buyer and MRCA reasonably and justifiably relied on Sellers' misrepresentations and omissions, and would not have agreed to the transaction on the same terms (or at all) had the true facts been disclosed.

5

28.     As a direct and proximate result of Sellers' fraud, MRCA has suffered substantial damages and is entitled to recover all legal and equitable remedies available, including rescissionary and/or benefit-of-the-bargain damages, and such other relief as the Court deems just and proper.

## COUNT III –
## NEGLIGENT MISREPRESENTATION (IN THE ALTERNATIVE)

29.     MRCA incorporates by reference the allegations in Paragraphs 1–29 as if fully set forth herein.

30.     In the alternative to intentional fraud, Sellers supplied false information to Buyer and MRCA for the guidance of Buyer and MRCA in the course of the transaction, including false or misleading financial information and disclosures.

31.     Sellers failed to exercise reasonable care or competence in obtaining and communicating accurate information.

32.     Buyer and MRCA justifiably relied on the information supplied by Sellers, and suffered damages as a result.

## COUNT IV –
## DECLARATORY JUDGMENT

33.     MRCA incorporates by reference the allegations in Paragraphs 1–33 as if fully set forth herein.

34.     An actual controversy exists between MRCA and Sellers regarding the parties' rights and obligations under the APA, the Seller Note, deferred compensation, and the Guaranty, including whether Sellers breached the APA, whether and to what extent MRCA and/or Buyer are entitled to indemnification, and the extent (if any) to which Plaintiffs may recover deferred consideration in light of Sellers' breaches and the APA's limitation-of-remedies provisions.

35.     MRCA seeks a declaration that: (a) Sellers breached their representations and warranties and/or committed fraud; (b) MRCA and/or Buyer are entitled to contractual indemnification and related relief; and (c) Plaintiffs' claims for deferred consideration are barred, reduced, or limited by the APA's agreed remedy framework and by Sellers' wrongful conduct.

## V. PRAYER

**WHEREFOR**E, MRCA respectfully requests that the Court enter judgment in its favor and against Plaintiffs/Counter-Defendants, and award the following relief:

(a)     Actual damages in an amount to be determined at trial or in arbitration;

(b)     Declaratory relief as requested above;

(c)     Pre- and post-judgment interest as allowed by law;

(d)     Attorneys' fees and costs to the extent authorized by contract and/or applicable law; and

(e)     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**GORDON DAVIS JOHNSON**
**SHANE & SNIDER, P.C.**
4695 North Mesa St.
El Paso, Texas 79912
Tel: (915) 545-1133
Fax: (915) 545-4433
redwards@eplawyers.com

January 30, 2026                 */s/ Rob Edwards*
                                  **ROB EDWARDS**
                                  State Bar No. 24058290
                                  *Counsel for Manufacturing Revitalization*
                                  *Corporation of American L.P. I.*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2026, a copy of the foregoing document was served via electronic mail to Mark A. Platt, 2101 Cedar Springs Rd., Ste. 900, Dallas, Texas 75201, mplatt@fbtlaw.com.

*/s/ Rob Edwards*
**ROB EDWARDS**

8