**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TECHNICAL METALS, INC. and** | § | |
| **HOFFMAN TOOL, INC.,** | § | |
|     **Plaintiffs,** | § | |
| | § | **EP-25-CV-00385-DB** |
| **v.** | § | |
| | § | |
| **MANUFACTURING** | § | |
| **REVITALIZATION CORPORATION** | § | |
| **OF AMERICA L.P. I,** | § | |
|     **Defendant.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On this day, the Court considered Defendant Manufacturing Revitalization Corporation of America L.P. I's "Motion to Dismiss for Forum Non-Conveniens and in the alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)," ECF No. 22. Therein, Defendant "moves the Court to dismiss this action under the doctrine of forum non conveniens to enforce the mandatory forum-selection clause contained in the Seller Promissory Note (the "Seller Note") attached to Plaintiffs' Complaint. In the alternative, if the Court determines that transfer rather than dismissal is the appropriate mechanism, MRCA moves to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of Illinois, Peoria Division." ECF No. 22 at 1. For the reasons stated herein, Defendant's Motion is granted in part.

## <u>BACKGROUND</u>

Plaintiff has only raised a single cause of action in this case: breach of guaranty. Plaintiffs, as Sellers, entered into an Asset Purchase Agreement (the "APA") with Techmetals, LLC ("Techmetals"), an Illinois limited liability company, as Buyer, and MRCA, as Guarantor. ECF No. 1 at 2. Pursuant to the APA, Techmetals purchased assets for a $17,000,000 purchase price, $3,000,000 of which was payable in the form of a promissory note (the "Seller Note"). *Id.* at 3. MRCA, as Guarantor, executed a Guaranty and Suretyship Agreement (the "Guaranty"), in favor

and for the benefit of Plaintiffs Technical Metals and Hoffman Tool, guaranteeing payments and obligations by Techmetals in the APA. *Id.* The APA, the Seller Note, and the Guaranty were all executed on February 20, 2025. *Id.* at 2–4.

On September 12, 2025, Plaintiffs filed suit in this district alleging MCRA breached its guaranty by failing to pay for all obligations under the APA after Techmetals defaulted. *Id.* at 4. Now, Defendant seeks to either dismiss this action under the doctrine of forum non conveniens or transfer the case to an Illinois district court based on a forum selection clause contained in the Seller Note. ECF No. 22 at 1. On February 5, 2026, Plaintiffs filed a response arguing (1) MRCA is not a party to the Seller Note and therefore cannot enforce the clause, and (2) Plaintiffs' claims fall outside the forum selection clause's scope because this suit is based solely on the Guaranty. ECF No. 27 at 2.

<u>**LEGAL STANDARD**</u>

Federal law governs the enforceability of forum selection and choice-of-law clauses "whether jurisdiction be based on diversity, a federal question, or some combination of the two." *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). "A forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). Where "the language of the provision unambiguously states an effective designation of an exclusive forum," all signatories waive "any objection to venue and personal jurisdiction[,]" absent proof of "fraud or overreaching." *Id.*. "To bind a non-signatory to a forum selection clause . . . 'the party must be closely related to the dispute such that it becomes foreseeable that it will be bound.'" *Franlink Inc. v. BACE Services, Inc.*, 50 F.4th 432, 441 (5th Cir. 2022) (quoting *Hugel v. Corp. of Lloyd's*, 999

2

F.2d 206, 209 (7th Cir. 1993)). There are four factors to consider in determining whether the non-signatory is closely related: "(1) common ownership between the signatory and the non-signatory, (2) direct benefits obtained from the contract at issue, (3) knowledge of the agreement generally and (4) awareness of the forum selection clause particularly." *Id.* at 442 (citing *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436 (7th Cir. 2012)). The closely-related doctrine is "context specific and is determined only after weighing the significance of the facts relevant to the particular case at hand." *Id.*

## ANALYSIS

The Parties do not dispute the validity of the forum selection clause in the Seller Note. Instead, Plaintiffs' dispute the enforceability of the clause in this litigation because 1) Defendant was not a signatory to the Seller Note, and 2) this litigation is based on a single claim of a breach of guaranty, and as such falls directly outside the scope of the Seller Note's clause. Before the Court reaches the issues, however, the three separate but related contracts underlying this litigation should be put into context.

- The Asset Purchase Agreement was executed on February 20, 2025, between four parties: (1) Technical Metals and Hoffman Tools as sellers, (2) Techmetals as buyer, and (3) MRCA as guarantor. ECF No. 1-1 at 2.
- The Seller Note was executed on February 20, 2025, between three parties: (1) TechMetals as promisor, and (2) Technical Metals, Inc. and Hoffman Tool as promisees. ECF No. 1-2 at 2.
- The Guaranty was executed om February 20, 2025, between three parties: (1) MRCA as guarantor, and (2) Technical Metals and Hoffman Tool as beneficiaries. ECF No. 1-4 at 2.

For the reasons stated herein, neither of Plaintiffs' arguments are persuasive, and the Court finds transfer of this action appropriate.

A. MCRA can enforce the forum selection clause in Seller Note.

Where "the language of the provision unambiguously states an effective designation of an

3

exclusive forum," all signatories waive "any objection to venue and personal jurisdiction[,]" absent proof of "fraud or overreaching."    *Kevlin Servs., Inc.*, 46 F.3d at 15.

Under the "closely-related" doctrine, non-signatories to an agreement may be bound by, and enforce, "forum selection clauses where, under the circumstances, the non-signatories enjoyed a sufficiently close nexus to the dispute or to another signatory such that it was foreseeable that they would be bound." *Franlink Inc.*, 50 F.4th at 439 (quoting *Fasano v. Li*, 47 F.4th 91, 103 (2d Cir. 2022)). "To bind a non-signatory to a forum selection clause . . . 'the party must be closely related to the dispute such that it becomes foreseeable that it will be bound.'" *Id.* at 441 (quoting *Hugel*, 999 F.2d at 209). Courts consider four factors to determine whether the non-signatory is closely related: "(1) common ownership between the signatory and the non-signatory, (2) direct benefits obtained from the contract at issue, (3) knowledge of the agreement generally and (4) awareness of the forum selection clause particularly." *Id.* (citing *Adams*, 702 F.3d at 436). No factor is dispositive. *See generally id.*

Here, the parties do not dispute the Seller's Note forum selection clause provide the effective designation of an exclusive forum. The clause unambiguously states "[a]ny proceeding arising out of or relating to this Note will be brought only in the state or federal courts sitting in Fairbury, Livingston County, Illinois." ECF No. 1-2 at 3. To bind MCRA, the Court considers whether MCRA is closely related to the dispute such that it became foreseeable that MCRA would be bound. The Court finds it does. Notably, MCRA is voluntarily seeking to be bound by the forum selection clause, making foreseeability essentially a given. As for the other factors, there is no indication in the record that there is common ownership between MCRA and any of the three signatories, making that factor neutral. MCRA, of course, obtained direct benefits from the Seller's Note. The Guaranty's introductory clause says as much. *See* ECF No. 1-1 at 70 ("In consideration

of the substantial direct and indirect benefits derived by Guarantor from the transactions under the Underlying Agreement. . . .”). This factor weighs in favor of binding MCRA.

The third and fourth factors also weigh in factor of binding MCRA. The introductory paragraph of the Guaranty confirms MCRA had knowledge generally of the Seller Note. *See* ECF No 1-1 at 70 (“Reference is made to: (i) that certain Asset Purchase Agreement dated as of February 20, 2025, by and among TechMetals, LLC, an Illinois limited liability company (“Obligor”), Beneficiary, and Guarantor (the “APA”); and (ii) that certain related Promissory Note also dated as of February 20, 2025, by and between Obligor and Beneficiary (the “Note”) (collectively with the APA, the "Underlying Agreement”). Finally, MCRA had awareness of the forum selection clause particularly, as confirmed by MCRA seeking its application to the present litigation. Accordingly, the Court finds MCRA, a non-signatory, is bound by the forum selection clause in the Seller Note, and can seek its enforcement.

B.  This litigation falls within the scope of the forum selection clause in the Seller Note.

The forum selection clause states “[a]ny proceeding arising out of or relating to this Note will be brought only in the state or federal courts sitting in Fairbury, Livingston County, Illinois.” ECF No. 1-2 at 3. Having determined MCRA may enforce the Seller Note’s forum selection clause, the Court turns to Plaintiffs’ second argument: the clause does not apply to the breach of guaranty claim raised in this case. Plaintiffs aver “[t]he fact that the Guaranty necessarily relates to the Seller Note, . . . does not mean that a *claim for breach* of the Guaranty arises from or relates to the Seller Note” because “[t]he two agreements are independent.” ECF No. 27 at 3 (emphasis added). This Court is not persuaded. The Court takes Plaintiffs’ point that the two documents relating to each other does not by default mean the cause of action raised here relates to the clause. However, the language “any proceeding” coupled with “arising out of or relating to” evinces the parties’ intent

to make the scope of this forum selection clause broad. Further, because the Seller Note uses alternative levels of relationship (i.e. "any proceeding arising out of or relating to this Note"), the mere fact the suit *arises from* the Guaranty does not negate the suit *relates to* the Seller Note.

Here, it is clear Plaintiffs' breach of guaranty claim relates to the Seller Note. Both documents were executed the same date, relate to the same underlying asset purchase agreement, and all parties had notice of the same. Accordingly, the Court finds Plaintiff's single cause of action relates to the Seller Note and is subject to the enforceable forum selection clause contained therein. Unless public interest factors militate to the contrary, this case's venue should be in Illinois.

C.  Venue transfer is warranted in this case.

A party seeking transfer under 28 U.S.C. § 1404(a) "must show good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (citation omitted). District courts enjoy "broad discretion in deciding whether to order a transfer[,]" weighing private and public interest factors to determine whether the movant has established "good cause for transfer based on convenience and justice." *Energium Health v. Gabali*, No. 3:21-CV-2951-S, 2022 WL 16842660 at *17 (N.D. Tex. Nov. 9, 2022) (citations omitted).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause," which must "be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (citation omitted). When evaluating a motion to transfer in the presence of a valid forum selection clause, a district court may consider arguments against transfer only with regard to the public interest. *Id*. at 64. Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having

the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6. Overall, where the litigation is subject to a contract containing a forum selection clause, the party acting in violation of a forum selection clause "bear[s] the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67.

Here, the public interest factors do not overwhelmingly disfavor a transfer. Court congestion favors transfer given the unprecedented influx of new civil cases in the Western District of Texas.[1] The other two factors also favor transfer. Illinois has a local interest in having localized controversies decided at home, and an interest in having the trial of a diversity case in a forum that is at home with the law. Each related underlying agreement designated Illinois law to govern its interpretation, respectively. *See* ECF No. 1-1 at 22 (including in the APA that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Illinois."); ECF No. 1-4 4–5(noting "THIS GUARANTY SHALL BE GOVERNED BY AND CONSTRUED UNDER THE LAWS OF THE STATE OF ILLINOIS. . . ."); ECF No. 1-2 at 2 (including in the Seller Note "Illinois law will govern the interpretation and enforcement of this Note."). Further, Plaintiffs are Illinois corporations. ECF No. 1 at 1. Accordingly, because the public interest factors do not overwhelmingly disfavor transfer, the Court finds transfer pursuant to a valid and enforceable forum selection clause is appropriate in this case.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** Defendant Manufacturing Revitalization Corporation of America L.P. I's "Motion to Dismiss for Fourm Non-Conveniens, and in the

---

[1] The Western District of Texas leads the country in habeas cases, with over 1,300 filed in the last three months. Pratheek Rebala, Jeff Ernsthausen, Perla Trevizo, *"Immigrants Who Say Their Detention Is Illegal Have Filed More Than 18,000 Cases. It's a Historic High."* PROPUBLICA, https://www.propublica.org/article/habeas-petitions-immigrant-detentions-trump [https://perma.cc/5HCA-PLV8] (Feb. 10, 2026).

alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)," ECF No. 22, is **GRANTED IN PART.**

    **IT IS FURTHER ORDERED** the District Clerk **SHALL TRANSFER** the above-captioned case to the United States District Court for the Central District of Illinois, Peoria Division.

    **SIGNED** this **18th** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE